UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERNANDEZ,<br><br>       Plaintiff,<br><br>    v.<br><br>MODESTO POLICE DEPARTMENT, et al.,<br><br>       Defendants. | No. 2:25-cv-00867-DAD-JDP<br><br>ORDER DISMISSING THIS ACTION DUE TO PLAINTIFF'S FAILURE TO PROSECUTE AND FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS<br><br>(Doc. No. 21) |

On October 14, 2025, the court issued an order directing plaintiff to show cause no later than November 4, 2025 "why this action should not be dismissed due to plaintiff's failure to comply with the court's Local Rules and failure to prosecute this action." (Doc. No. 23.) The court did so after plaintiff's counsel failed to file an opposition to defendant's motion to dismiss or to otherwise communicate with the court. (*Id.*) Therein, plaintiff was "cautioned that his failure to timely file a response to this order to show cause will result in dismissal of this action." (*Id.*) Plaintiff's deadline to respond to that order has long since passed and plaintiff has not filed a response or otherwise communicated with the court. Defendants have since filed a notice of plaintiff's failure to comply with the court's order which contains a request that this court impose terminating sanctions and dismiss this action for lack of prosecution. (Doc. No. 26 at 2–3.)

/////

1

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998).

Moreover, the Local Rules of this court state that the failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  L.R. 110.  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint), *as amended* (May 22, 1992).  "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances."  *Ferdik*, 963 F.2d at 1260 (9th Cir. 1992),

Here, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of dismissal here.  Only the public policy favoring disposition on the merits counsels against dismissal.  However, plaintiff's failure to prosecute the action makes disposition on the merits an impossibility.  Finally, with respect to availability of less drastic sanctions, the court has considered alternative measures.  The issuance of yet another order to show cause would be futile under the circumstances presented.

Accordingly, this action will be dismissed due to plaintiff's failure to prosecute and failure to comply with the court's orders.

For the reasons above,

1.    This action is DISMISSED due to plaintiff's failures to respond to the October 14, 2025 order to show cause (Doc. No. 23), prosecute this action, and obey court orders;

2. This dismissal is without prejudice and shall not operate as an adjudication on the merits pursuant to Federal Rule of Civil Procedure 41(b);

3. Defendant City of Modesto's motion to dismiss (Doc. No. 21) is DENIED as having been rendered moot in light of this order; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 1, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3